UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY SANDERS,

        Plaintiff,

    v.

JO ANNE B. BARNHART, Commissioner of
Social Security Administration,

        Defendant.

CASE NO.     C06-5332RJB

REPORT AND
RECOMMENDATION

Noted for January 5, 2007

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews, secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). This matter has been fully briefed, and after reviewing the record, the undersigned recommends that the Court remand the matter for further administrative proceedings.

INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff, Timothy Sanders, was born in 1955, and he is currently 51 years of age. He graduated from High School, completing special educational courses.    He spent eleven years in the Army from 1974 until 1984. He has past work experience as a mechanic, tire changer, laborer, and wreath/garland maker. Plaintiff applied for Title II and Title XVI social security benefits, claiming he has been unable to work since June, 1, 2002, due to right arm pain and a learning disability (Tr. 85).

Following a hearing before an administrative law judge ("ALJ"), the ALJ concluded that Mr. Sanders was disabled and entitled to benefits from June 20, 2002 through January 7, 2005 (Tr. 21).

During this period the ALJ found the following impairments:

> The claimant's capacity for full range of light work is reduced by additional limitations that narrow the range of work he can perform. As discussed above, the record establishes that the claimant could not forcefully push and/or pull; grip and/or grasp with his right upper extremity; climb ladders; and work in extreme temperature conditions or with vibration to his right upper extremity. During this period, the claimant experienced non-fusion of his right wrist and had to have three surgeries in attempting to remedy the problem. Additionally, the claimant could perform only simple routine tasks. Given these additional limitations, I find that the claimant could not perform sustained work activities in an ordinary work setting for eight hours per day and five days per week, or an equivalent work schedule. He was disabled.

The ALJ further explained, "From January 8, 2005, based on the medical record, I find that the claimant had experienced medical improvement of his condition, with a solid fusion of the right wrist and lessened symptoms. Consequently, he was able to perform consistent with the RFC delineated above on a sustained basis." (Tr. 18-19).

Plaintiff brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the administration's final decision denying plaintiff ongoing benefits. Specifically, plaintiff contends: (1) he is entitled to ongoing benefits because he meets Listing 12.05(C); (2) his residual functional capacity precludes him from doing any of the work identified by the ALJ; and (3) the ALJ's acceptance of Plaintiff's credibility entitles him to an outright award of ongoing benefits.

In response to plaintiff's arguments, defendant concedes the matter should be remanded to allow the administration the opportunity to consider whether or not Plaintiff's impairments meet the requirements of Listing 12.05(C). Defendant states:

> In the course of preparing her defense, the Commissioner determined that the ALJ did not consider all of the evidence regarding Plaintiff's IQ. The ALJ did not discuss in his decision the most recent December 2004 IQ scores obtained by Terilee Wingate, Ph.D. (Tr. 17). Dr. Wingate reported scores of verbal 69, performance 75, and full scale 69 (Tr. 243-244, 345). This has direct impact on the ALJ's determination that Plaintiff did not meet Listing 12.05C at step three. If the score of 69 were accepted, Plaintiff could be found disabled at step three.

Defendant's Memorandum at 4. Plaintiff maintains that the Court should reverse the administrative decision and remand the matter only for calculation and an award of appropriate benefits. After reviewing the record, this court finds that a remand for further proceedings is the appropriate remedy.

<u>DISCUSSION</u>

The decision whether to remand a case for additional evidence or simply to award benefits is within

1   the discretion of the court. <u>Swenson v. Sullivan</u>, 876 F.2d 683, 689 (9th Cir.1989) (*citing* <u>Varney v.</u>

2   <u>Secretary of HHS</u>, 859 F.2d 1396, 1399 (9th Cir., 1988) (Varney II)).  In Varney II, the Ninth Circuit held

3   that in cases where the record is fully developed, a remand for further proceedings is unnecessary.  <u>Varney</u>

4   <u>II</u>, 859 F.2d at 1401. *See also* <u>Reddick v. Chater</u>, 157 F.3d 715, 728-730 (9th Cir. 1998)(case not

5   remanded for further proceedings because it was clear from the record claimant was entitled to benefits);

6   <u>Swenson</u>, 876 F.2d at 689 (directing an award of benefits where no useful purpose would be served by

7   further proceedings); <u>Rodriguez v. Bowen</u>, 876 F.2d 759, 763 (9th Cir.1989) (same); <u>Winans v. Bowen</u>,

8   853 F.2d 643, 647 (9th Cir.1987) (accepting uncontradicted testimony as true and awarding benefits where

9   the ALJ failed to provide clear and convincing reasons for discounting the opinion of claimant's treating

10  physician).  Remand for further proceedings is appropriate where additional administrative proceedings

11  could remedy defects.  <u>Rodriguez v. Bowen</u>, 876 F.2d 759, 763 (9th Cir. 1989); <u>Bilby</u> <u>v. Schweiker</u>, 762

12  F.2d 716, 719 (9th Cir. 1985) (*citing* <u>Kail v. Heckler</u>, 722 F.2d 1496, 1497 (9th Cir. 1984)).

13         Here, remand is necessary to allow the administration the opportunity to sufficiently

14  evaluate whether Plaintiff meets or equals Listing 12.05(C) during the remaining period at issue.  Listing

15  12.05 requires "significantly subaverage general intellectual functioning." 20 C.F.R. Pt. 404, Subpt. P,

16  App. 1, 12.05.  Subsection C states that a valid verbal, performance or full scale IQ of 60 through 70 and a

17  physical or other mental impairment imposing an additional and significant work-related limitation of

18  function would meet the listing.  Id.

19         The ALJ noted that, on May 12, 2003, Richard Agosto, Ph.D., found Mr. Sanders had IQ scores of

20  full scale 72, verbal 74, and performance 75 (Tr. 15-16, 158). These scores would not meet Listing

21  12.05(C).  The ALJ however did not discuss the lower scores found by Dr. Wingate.  At the hearing the

22  ALJ acknowledged the existence of the lower scores found by Dr. Wingate but stated that he believed the

23  two sets of scores were "not inconsistent" (Tr. 300).  The ALJ stated that the variations "would not be

24  unusual" and that the scores were "within the range" (Tr. 300).  The ALJ also stated that "I don't think

25  there's a significantly – there is a significant statistical difference between those two" (Tr. 300).

26         The ALJ's statements are reasonable, but not backed by evidence in the record. On remand, a

27  medical expert could provide definitive evidence as to a medically supported interpretation of the variant

28  scores on two different tests. If necessary a consultative examiner could administer additional testing and

provide medical opinion as to whether Plaintiff meets or equals Listing 12.05(C) during the relevant period (from January 7, 2005 through the date of the administration's decision).

Moreover, further proceedings would be, if, on remand, the ALJ were to determine Plaintiff did not meet or equal Listing 12.05(C).  In such a case, the ALJ should address his findings at step four and five, because the ALJ's  residual functional capacity finding differed from the hypothetical question posed to the vocational expert, i.e., the ALJ's finding after the medical improvement included a limitation that Plaintiff "cannot grip and/or grasp with his right upper extremity"(Tr. 17, 19). The hypothetical posed to the VE had a less restrictive condition: "no forceful push/pull on the right upper extremity, no forceful grip or grasp" (Tr. 295).  It is not known what jobs Plaintiff might be able to perform if his residual functional capacity were correctly phrased. It is conceivable that there are jobs still within the more restrictive residual functional capacity finding, but that determination requires further testimony from a vocational expert.

CONCLUSION

Based on the foregoing discussion, the administrative decision should be remanded for further proceedings consistent with this decision.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 5, 2007**, as noted in the caption.

DATED this 14th day of December, 2006.


 */s/ J. Kelley Arnold* _____
J. Kelley Arnold
U.S. Magistrate Judge